IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MUKASA AFRIKA,<br>       Plaintiff, | CIVIL ACTION<br>No. 16-5298 |
| v. | |
| KHEPERA CHARTER SCHOOL, et al.,<br>       Defendants. | |

March 16, 2017                                                                              Anita B. Brody, J.

## MEMORANDUM

Plaintiff Mukasa Afrika brings suit under 42 U.S.C. § 1983 against Defendants Khepera Charter School, Khepera Charter School Board of Trustees, Darnell Sulaiman, Nigel Scott, Aegis Law, LLC, Ausphite Holding Company, Richard White, Randolph Gumby, Gaylia Brown, Aaron Anybwile Love, Barbara Guerrero, Nathaniel Haynesworth, James Spruill, Melissa Watts, Ronald McCoy, Sharon Whitney, Reginald Raghu, and Richard Isaac. Afrika alleges that Defendants violated his procedural and substantive due process rights under the Fourteenth Amendment, and retaliated against him in violation of the First Amendment. Additionally, Afrika brings state law claims against Defendants for violation of the Pennsylvania Whistleblower Law and intentional interference with prospective contractual relations.[1] I exercise federal question jurisdiction over Afrika's § 1983 claims pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over Afrika's state law claims pursuant to 28 U.S.C. § 1367.

---

[1] Although Count IV of the Amended Complaint is styled "Tortious Interference with Contract or Prospective Contract/Business Relations," the title is a misnomer because Afrika only alleges tortious interference with a prospective contract. Of course, if Afrika had claimed that Defendants intentionally interfered with a current contract, his claim would not succeed because his employment contract with Khepera Charter School naturally expired on its own terms.

1

Khepera Charter School, Khepera Charter School Board of Trustees, Richard White, Randolph Gumby, Gaylia Brown, Aaron Anybwile Love, Barbara Guerrero, Nathaniel Haynesworth, James Spruill, Melissa Watts, Ronald McCoy, Sharon Whitney, Reginald Raghu, and Richard Isaac (collectively, "Khepera Defendants") move to dismiss Afrika's procedural due process, substantive due process, and intentional interference with prospective contractual relations claims brought against all of them. Additionally, Khepera Defendants move to dismiss the First Amendment retaliation claims brought against White, Gumby, Brown, Love, Guerrero, Haynesworth, Spruill, Watts, McCoy, Whitney, Raghu, and Isaac (collectively, the "Trustees").[2] For the reasons discussed below, I will grant in part and deny in part the partial motion to dismiss.

## I. BACKGROUND[3]

For approximately ten years, Mukasa Afrika worked at Khepera Charter School ("KCS"), a Philadelphia charter school.[4] In July 2014, KCS promoted Afrika to the position of Chief Administrative Officer. Afrika was a contract employee, who was contracted to work for a one-year term that could be renewed annually by a board meeting and executive session.

In July 2015, Afrika began contacting Lauren Iannuccilli at the Charter School Office for the School District of Philadelphia ("Charter School Office"). Afrika reported to Iannuccilli that

---

[2] Khepera Defendants do not directly address Afrika's First Amendment retaliation claim in their partial motion to dismiss. They argue, however, that all constitutional claims brought against the Trustees should be dismissed on the basis of qualified immunity and on the basis that all of the Trustees, except Isaac, were not personally involved in any constitutional violation. Based on these arguments, Khepera Defendants implicitly move to dismiss Afrika's First Amendment retaliation claim against the Trustees.

[3] All facts are taken from the Amended Complaint (ECF No. 23) and construed in the light most favorable to Afrika. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). Only facts pertinent to the motion to dismiss are included.

[4] Under the Pennsylvania Charter School Law, a "charter school" is "an independent public school established and operated under a charter from the local board of school directors and in which students are enrolled or attend. A charter school must be organized as a public, nonprofit corporation. Charters may not be granted to any for-profit entity." 24 Pa. Stat. Ann. § 17-1703-A.

numerous board meetings were being held out of compliance with the Sunshine Act and expressed concern that the Trustees were overreaching into the administration of the school and mismanaging the school's finances. Throughout the remainder of 2015, Afrika continued to report to Iannuccilli about financial and administrative improprieties occurring at KCS. For instance, on November 23, 2015, Afrika emailed Iannuccilli to report potential financial fraud based on the school's failure to produce the 2013-2014 audit. Afrika also sent this email to the Charter School Office, the Pennsylvania Department of Education, the Office of the District Attorney for the City of Philadelphia and the Auditor General's Office.

Throughout 2015 and 2016, Afrika communicated with the Trustees, the attorney for KCS, and the Chief Financial Officer, regarding his concerns about the mishandling of administrative and financial matters. In discussions with the attorney for KCS, Afrika also asserted his protection under the Pennsylvania Whistleblower Law.

On March 17, 2016, the Trustees sent a letter to Afrika in response to the numerous concerns he had raised about the mishandling and mismanagement of KCS. In the letter, the Trustees told Afrika that they found his "continuous reporting agitating." Am. Compl. ¶ 126. The "Trustees further reprimanded [Afrika] for not only reporting alleged financial deficiencies and calling for transparency for Defendant KCS's finances, but also for invoking his [w]histleblower protections." Id. The letter concluded: "Desist, and adhere to the duties and responsibilities as outlined in your contract, any other course of conduct will be considered insubordination, and dealt with accordingly going forward." Id. ¶ 127.

After Afrika received this letter from the Trustees, he continued to voice his concerns to the them. Additionally, Afrika met with Iannuccilli and representatives of the Charter School Office regarding KCS's incorrect financial statements.

3

On June 29, 2016, Afrika received a letter signed by Defendant Richard Isaac, the President of the Khepera Charter School Board of Trustees. The letter informed Afrika that the Khepera Charter School Board of Trustees (the "Board") had determined that it was not going to renew his contract as Chief Administrative Officer for the 2016-2017 school year, even though the Board had never met to discuss whether to renew Afrika's employment contract. Rather, Isaac "unilaterally made the decision to terminate [Afrika's] employment." *Id.* ¶ 148.

In 2015, prior to Isaac making this decision, the Charter School Office had notified the Board that Isaac should step down because his term had expired. In response, the Board proposed an amendment to the bylaws to extend Isaac's term of service on the Board. Accordingly, "[a]t all times material, Defendant Richard Isaac . . . [wa]s the President of the Board." *Id.* ¶ 10. However, when he made the decision not to renew Afrika's contract, he "act[ed] outside the scope of his authority," and in his "individual capacity." *Id.* ¶¶ 148, 191. "Isaac was not privileged or justified, but rather, acted maliciously in retaliation for [Afrika's] ongoing reporting to appropriate government agencies." *Id.* ¶¶ 192.

## II. STANDARD OF REVIEW

In deciding a motion to dismiss under Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

To survive dismissal, a complaint must allege facts sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In order to determine the sufficiency of a complaint under *Twombly* and *Iqbal*, a court must take the following three steps:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013), *as amended* (May 10, 2013) (quoting *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011).

"As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings. However, an exception to the general rule is that a 'document *integral to or explicitly relied* upon in the complaint' may be considered . . . ." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (citation omitted) (quoting *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)). Thus, a court may "consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994). Additionally, "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

### III. DISCUSSION

**A. Section 1983 Claims**

The text of 42 U.S.C. § 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the

> United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Section 1983 does not create any substantive rights; rather, it provides a remedy for violations of other federal constitutional or statutory rights. *Doe v. Delie*, 257 F.3d 309, 314 (2001). "A prima facie case under § 1983 requires a plaintiff to demonstrate: (1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995). Although the parties do not dispute that Khepera Defendants are persons who acted under color of state law,[5] they disagree as to whether Khepera Defendants deprived Afrika of any constitutional rights.

**1. Procedural Due Process**

In order to establish a procedural due process claim, a plaintiff must establish that "(1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'" *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006) (quoting *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000)). Afrika contends that he had a

---

[5] In *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), the Supreme Court held that municipalities and other local governing bodies are persons for purposes of § 1983. Likewise, a public school district and its school board are municipal entities subject to suit under § 1983. *Nagle v. Marron*, 663 F.3d 100, 116 (2d Cir. 2011); *Lytle v. Carl*, 382 F.3d 978, 982 (9th Cir. 2004); *Beattie v. Madison Cty. Sch. Dist.*, 254 F.3d 595, 600 n. 2 (5th Cir. 2001). School board members are also considered state actors. *See Donovan v. Pittston Area Sch. Dist.*, No. 14-1657, 2016 WL 6433022, at *3 (M.D. Pa. Oct. 31, 2016); *Berkery v. Wissahickon Sch. Bd.*, 99 F. Supp. 3d 563, 569 (E.D. Pa. 2015); *Damiano v. Scranton Sch. Dist.*, 135 F. Supp. 3d 255, 265 (M.D. Pa. 2015). Moreover, based on *Monell* and its progeny, several district courts in the Third Circuit have held that charter schools are liable to suit under § 1983. *Schienblum v. Lehigh Valley Charter Sch. for the Arts*, No. 15-6433, 2016 WL 7429192, at *4 (E.D. Pa. Dec. 20, 2016); *Dupell v. Franklin Towne Charter Sch.*, No. 16-278, 2016 WL 7042068, at *6 (D.N.J. Dec. 2, 2016); *Pocono Mountain Charter Sch. v. Pocono Mountain Sch. Dist.*, 908 F. Supp. 2d 597, 604-05 (M.D. Pa. 2012); *Irene B. v. Phila. Acad. Charter Sch.*, No.02-1716, 2003 WL 24052009, at *11 (E.D. Pa. Jan. 29, 2003); *see also Brammer-Hoelter v. Twin Peaks Charter Acad.*, 602 F.3d 1175, 1188 (10th Cir. 2010) ("Because the Academy is a public charter school, principles of municipal liability apply."). Accordingly, Khepera Defendants are subject to suit under § 1983.

property right in the renewal of his employment contract and that the procedures relating to the renewal decision did not provide him with due process. Khepera Defendants argue that Afrika did not have a property interest in renewal of his contract and, even if he did have a property interest, he was not deprived of due process of the law.

"To have a property interest in a job . . . a person must have more than a unilateral expectation of continued employment; rather, she must have a legitimate entitlement to such continued employment." *Elmore v. Cleary*, 399 F.3d 279, 282 (3d Cir. 2005) (citing *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972)). "Whether a person has a legitimate entitlement to—and hence a property interest in—his government job is a question answered by state law." *Hill*, 455 F.3d at 234. "Under Pennsylvania law, protected property interests arise in three ways: First, through legislative action or authorization; Second, through a contract that grants the plaintiff protected status, such as employment tenure or welfare benefits; Third, through an employment contract permitting dismissal only for cause." *Duran v. Cty. of Clinton*, No. 14-2047, 2015 WL 5675580, at *8 (M.D. Pa. Sept. 25, 2015) (citations omitted).

In *Roth*, 408 U.S. 564, the Supreme Court held that a teacher hired for a fixed term of one year, who was informed without explanation that he would not be rehired for the upcoming year, did not have a property interest in renewal of his contract. The Court concluded that the teacher had no property interest because neither the terms of his appointment, nor any state statutes or university rules or policies secured his interest in reemployment. *Roth*, 408 U.S. at 578. Accordingly, the teacher "surely had an abstract concern in being rehired, but he did not have a property interest" in renewal of his contract. *Id.*

Afrika does not argue that any Pennsylvania law creates an entitlement to renewal of his contract. Nor does he argue that his contract granted him a protected employment status or only

7

permitted non-renewal for cause. Rather, Afrika argues that he had a property interest in his contract renewal because "for nine (9) years he knew that his employment contract was consistently renewed." Pl.'s Resp. 15. Prior renewals of Afrika's contract are insufficient to establish that Afrika had a property interest in his reemployment. While Afrika "surely had an abstract concern in being rehired," *Roth*, 408 U.S. at 578, he did not have a property interest in renewal of his contract. I will grant the motion to dismiss Afrika's procedural due process claim.

## 2. Substantive Due Process

In order to establish a substantive due process claim, "a plaintiff must prove the particular interest at issue is protected by the substantive due process clause and the government's deprivation of that protected interest shocks the conscience." *Chainey v. St.*, 523 F.3d 200, 219 (3d Cir. 2008). Afrika contends that renewal of his contract is a property interest protected by substantive due process. Khepera Defendants argue that Afrika's reemployment is not a property interest protected by the substantive due process clause, but even if it were protected, the failure to renew Afrika's contract is not a deprivation that shocks the conscience.

"[A] property interest must be constitutionally 'fundamental' in order to implicate substantive due process." *Nicholas v. Pennsylvania State Univ.*, 227 F.3d 133, 141 (3d Cir. 2000). In *Nicholas*, the Third Circuit explicitly held that public employment is not a fundamental property interest protected by substantive due process. 227 F.3d at 142-43; *Hill*, 455 F.3d at 234 n.12 ("This court has held explicitly that public employment is not a fundamental right entitled to substantive due process protection."). Therefore, Afrika's alleged right to renewal of his employment contract is not a property interest protected by the substantive due process clause. I will grant the motion to dismiss Afrika's substantive due process claim.

### 3. First Amendment Retaliation[6]

To establish a First Amendment claim for retaliation, a plaintiff must show that: "(1) he engaged in constitutionally protected conduct, (2) he was subjected to adverse actions by a state actor, and (3) the protected activity was a substantial motivating factor in the state actor's decision to take the adverse action." *Brightwell v. Lehman*, 637 F.3d 187, 194 (3d Cir. 2011). To constitute an adverse action, the alleged retaliation must be "sufficient to deter a person of ordinary firmness from exercising his First Amendment rights." *Id.* (quoting *Allah v. Seiverling*, 229 F.3d 220, 225 (3d Cir. 2000)).

Afrika alleges that Khepera Defendants decided not to renew his employment contract in retaliation for his exercise of protected speech when he communicated his concerns about KCS to the Charter School Office, the Pennsylvania Department of Education, the Office of the District Attorney for the City of Philadelphia, and the Auditor General's Office. Khepera Defendants argue that this claim is not viable against any of the Trustees other than Isaac because these Trustees were not personally involved in the alleged First Amendment retaliation.[7]

---

[6] Although Count I of Afrika's Amended Complaint is titled "A Violation of Plaintiff's Substantive Due Process Rights Under the Fourteenth and First Amendments," Afrika cannot proceed with the theory that Defendants violated the substantive due process clause by denying him his First Amendment rights. "The Supreme Court has recognized an independent § 1983 action for retaliatory termination in violation of the First Amendment, and 'claims governed by explicit constitutional text may not be grounded in substantive due process.'" *Nicholas*, 227 F.3d at 143 n.3 (citation omitted) (quoting *Torres v. McLaughlin*, 163 F.3d 169, 172 (3d Cir. 1998). Accordingly, I consider Count I of the Amended Complaint to raise two separate claims—a substantive due process claim and a First Amendment retaliation claim.

[7] Khepera Defendants also generally contend that all Trustees are entitled to qualified immunity because Afrika has "failed to plead the threshold requirement of a constitutional violation" by the Trustees. Defs.' Mot. 13. "Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011). Khepera Defendants only provide argument as why the Trustees are entitled to qualified immunity for Afrika's procedural and substantive due process claims. As already discussed, the procedural and substantive due process claims will be dismissed as to all Khepera Defendants because they are not meritorious. I note, however, that the Trustees are also entitled to dismissal of these claims

9

In order to sufficiently state a § 1983 claim against an individual, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Id.*

Afrika contends that he was subject to one adverse action in retaliation for exercising his First Amendment rights—the non-renewal of his employment contract. In the Amended Complaint, Afrika alleges that no board meeting took place to discuss whether to renew his contract. Rather, Isaac "unilaterally made the decision to terminate [Afrika's] employment." Am. Compl. ¶ 148. Because the Trustees, with the exception of Isaac, did not take part in the decision not to renew Afrika's contract, Afrika has insufficiently pled that these Trustees were personally involved in the alleged First Amendment retaliation. Therefore, I will grant the motion to dismiss the First Amendment retaliation claim against White, Gumby, Brown, Love, Guerrero, Haynesworth, Spruill, Watts, McCoy, Whitney, and Raghu. I will deny the motion to dismiss the First Amendment retaliation claim against Isaac.[8]

## B. Intentional Interference with Prospective Contractual Relations

In order to establish a claim for intentional interference with prospective contractual relations, a plaintiff must prove the following:

> (1) the existence of a contractual, or prospective contractual relation between the complainant and a third party; (2) purposeful action on the part of the defendant, specifically intended to harm the existing relation, or to prevent a prospective relation from occurring; (3) the absence of privilege or justification on the part of

---

on the basis of qualified immunity because Afrika did not plead facts showing that the Trustees violated his substantive or procedural due process rights. To the extent that Khepera Defendants meant to argue that Isaac is entitled to qualified immunity on the First Amendment retaliation claim, I reject this argument because Khepera Defendants provide no legal justification for such an entitlement.

[8] KCS and the Board did not move for dismissal of the First Amendment retaliation claims against them.

the defendant; and (4) the occasioning of actual legal damage as a result of the defendant's conduct.

*Crivelli v. Gen. Motors Corp.*, 215 F.3d 386, 394 (3d Cir. 2000) (quoting *Strickland v. University of Scranton*, 700 A.2d 979, 985 (Pa. Super. Ct. 1997); *see also Birl v. Philadelphia Electric Co.*, 167 A.2d 472, 474 (Pa. 1960).

Afrika contends that his contract with KCS was not renewed because Khepera Defendants interfered with his prospective contractual relations with KCS. Khepera Defendants argue that Afrika cannot succeed on this claim because the first element of a tortious interference claim requires the existence of a prospective contractual relationship between the complainant and a third party and none of the moving Defendants were third parties to the potential contract. Rather, Khepera Defendants—KCS, the Board, and the Trustees—were all parties to the prospective contract. In response to Khepera Defendants, Afrika contends only that Isaac was a third party to the contract because, after his term as a board member had expired, he maliciously and unilaterally made the decision not to renew Afrika's contract based on his own personal interest.

Fundamental to an intentional interference claim is the existence of a contractual relationship between the plaintiff and a party other than the defendant. *Ruder v. Pequea Valley Sch. Dist.*, 790 F. Supp. 2d 377, 394 (E.D. Pa. 2011); *Nix v. Temple Univ. of Com. Sys. of Higher Educ.*, 596 A.2d 1132, 1137 (Pa. Super. Ct. 1991); *Daniel Adams Assocs., Inc. v. Rimbach Pub., Inc.*, 519 A.2d 997, 1000 (Pa. Super. Ct. 1987). Thus, a corporation cannot tortiously interfere with a contract to which it is a party. *Ruder*, 790 F. Supp. 2d at 395; *Nix*, 596 A.2d at 1137. "Because a corporation acts only through its agents and officers, such agents or officers cannot be regarded as third parties when they are acting in their official capacities." *Nix*, 596 A.2d at 1137 (citing *Menefee v. Columbia Broad. Sys., Inc.*, 329 A.2d 216 (Pa. 1974)); *see also Ruder*,

11

790 F. Supp. 2d at 395; *Daniel*, 519 A.2d at 1002. "Likewise, in a school setting where the contract at issue is an employment contract, a school district employee cannot make a tortious interference with contractual relations claim against a school district's employees, agents, or members of the School Board, because, when acting in their official capacity, they are not 'third parties.'" *Ruder*, 790 F. Supp. 2d at 395; *see also Forrest v. Owen J. Roberts Sch. Dist.*, 2011 WL 1549492, at *16 (E.D. Pa. April 1, 2011); *Wagner v. Tuscarora Sch. Dist.*, 04-11-33, 2006 WL 167731, at *12-13 (M.D. Pa. Jan. 20, 2006). A school district employee, agent, or board member can be a third party if he or she acts outside the scope of authority, such as when "the individual's '*sole* motive in causing the corporation to breach the contract is actual malice toward the plaintiff, or if the officer's conduct is against the corporation's interest.'" *Ruder*, 790 F. Supp. 2d at 395 (quoting *Wagner*, 2006 WL 167731, at *12); *see also Duran*, 2015 WL 5675580, at *11; *Forrest*, 2011 WL 1549492, at * 16; *Daniel*, 519 A.2d at 1002-03.

Under the Pennsylvania Charter School Law, the Board has "the authority to employ, discharge and contract with necessary professional and nonprofessional employees." 24 Pa. Stat. Ann. § 17-1716-A. As the entity possessing the authority to contract with employees, the Board was clearly a party to any potential contract between KCS and Afrika, as were the Trustees who were acting in their official capacity as board members. Accordingly, as Afrika essentially concedes, KCS, the Board, and all of the Trustees, except Isaac, were parties to Afrika's prospective contract. Therefore, Afrika cannot establish a claim for intentional interference with prospective contractual relations against them.

Unlike the other Trustees, Afrika pleads that Isaac unilaterally and maliciously made the decision not to renew Afrika's contract. Afrika alleges that Isaac made this decision after his term as a board member expired, but that Isaac continued to act as President of the Board and the

Board had proposed an amendment to the bylaws to extend Issac's term. Afrika additionally alleges that Isaac acted outside the scope of his authority and made the decision in his individual capacity not to renew Afrika's contract. It remains an open question whether Isaac was operating within the scope of his authority when he made the non-renewal decision. At this stage in the litigation, Afrika has sufficiently pled that Isaac was a third party to Afrika's prospective contract.

Accordingly, I will grant the motion to dismiss Afrika's claim for intentional interference with prospective contractual relations against KCS, the Board, White, Gumby, Brown, Love, Guerrero, Haynesworth, Spruill, Watts, McCoy, Whitney, and Raghu. I will deny the motion to dismiss Afrika's claim for intentional interference with prospective contractual relations against Isaac.

## IV. CONCLUSION

For the reasons set forth above, I will grant in part and deny in part the partial motion to dismiss. I will grant the motion to dismiss the procedural due process and substantive due process claims against all Khepera Defendants. I will also grant the motion to dismiss the First Amendment retaliation claim against White, Gumby, Brown, Love, Guerrero, Haynesworth, Spruill, Watts, McCoy, Whitney, and Raghu. Additionally, I will grant the motion to dismiss the intentional interference with prospective contractual relations claim against KCS, the Board, White, Gumby, Brown, Love, Guerrero, Haynesworth, Spruill, Watts, McCoy, Whitney, and Raghu. I will deny the motion to dismiss the First Amendment retaliation claim and the intentional interference with prospective contractual relations claim against Isaac.

_____
ANITA B. BRODY, J.